IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ADAM S. JACK,                                  )
                                               )
                Plaintiff,                     )
                                               )
        -VS-                                   )
                                               ) Civil Action No. 06-0223
                                               )
COMMISSIONER OF SOCIAL SECURITY,               )
                                               )
                Defendant.                     )

AMBROSE, Chief District Judge.

## Synopsis

Pending before the Court are Cross-Motions for Summary Judgment (Docket Nos. 6 and 8).  Both parties have filed briefs in support of their Motions (Docket Nos. 7 and 9).  After analysis of the submissions of the parties, and based upon my opinions as set forth below, I am denying Plaintiff's Motion for Summary Judgment (Docket No. 6) and granting Defendant's Motion for Summary Judgment (Docket No. 8).

## Opinion and Order of Court

### I.    Background

Plaintiff has brought this action under 42 U.S.C. §405(g) and §1383(c)(3)  for review of the final decision of the Commissioner of Social Security ("Commissioner") denying his application for supplemental security income ("SSI") under the Social Security Act.  In December of 2002, Plaintiff applied for SSI alleging disability due

primarily to depression. (R. 58-59, 71-74). The claim was denied and, subsequently, Administrative Law Judge David Hatfield ("ALJ") held a hearing on March 14, 2005, at which time Plaintiff, who was represented by counsel, and a vocational expert both testified. (R. 270-307). On August 12, 2005, the ALJ issued a decision finding that Plaintiff was not disabled. (R.16-29). After exhausting his administrative remedies, Plaintiff filed this action.

The parties have filed cross-motions for summary judgment. (Docket Nos. 6 and 8). Plaintiff raises the following issue on appeal: Whether substantial evidence supports the ALJ's decision not to give considerable deference to the medical conclusions of Plaintiff's treating physician when determining that Plaintiff is not disabled for purposes of Supplemental Social Security Income claims. (Pl.'s Br. at 10).

## II.   **Legal Analysis**

### A.   **Standard of Review**

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. *Allen v. Bowen*, 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala*, 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales*, 402 U.S. 389, 401 (1971). Additionally, the Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. § 405(g); *Dobrowolsky v. Califano*, 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a de novo review of the Commissioner's decision or re-weigh the evidence of record. *Palmer v. Apfel*, 995 F.Supp. 549, 552 (E.D. Pa. 1998). To determine whether a finding is

supported by substantial evidence, however, the district court must review the record as a whole. See 5 U.S.C. § 706.

To be eligible for social security benefits, the Plaintiff must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. § 423(d)(1)(A); *Brewster v. Heckler*, 786 F.2d 581, 583 (3d Cir. 1986). The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant. 20 C.F.R. § 404.1520(a). The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R., pt. 404, subpt. P., appx. 1; (4) if the impairment does not satisfy one of the impairment listings, whether the claimant's impairments prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity. 20 C.F.R. § 404.1520. The claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (steps 1-4). *Dobrowolsky*, 606 F.2d at 406. Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative gainful activity (step 5). *Id.*

3

A district court, after reviewing the entire record may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing. *Podedworny v. Harris*, 745 F.2d 210, 221 (3d Cir. 1984).

## B.    Weighing Medical Evidence

The general rule is that the ALJ will give more weight to treating physician's opinion.  20 C.F.R. § 416.927(d)(1) and 20 C.F.R. § 404.1527(d)(1).  It is well established that the ALJ should "accord treading physicians' reports great weight, especially 'when their opinions reflect expert judgment based on a continuing observation of the patient's condition over a prolonged period of time.'" *Morales v. Apfel*, 225 F.3d 310, 317 (3d Cir. 2000), *quoting, Plummer v. Apfel*, 186 F.3d 422, 429 (3d Cir. 1999). The ALJ is to consider several factors to determine how much w eight to give a physician's opinion, including length of treatment, nature of treatment, supportability, consistency, and specialization, among other factors.  20 C.F.R. § 416.927(d)(2-6). If, after applying all of these considerations, the ALJ chooses not to do so, he must give good reasons in his decision for the weight given to the treating physician's opinion.  20 C.F.R. §416.927(d)(2) and 20 C.F.R. §404.1527(d)(2).  Therefore, the ALJ is not necessarily required to give the treating physician controlling weight. Rather, the treating physician's opinion must be supported by medical techniques and consistent with other evidence of record. *Fargnoli v. Massanari*, 247 F.3d 34, 43 (3d Cir. 2001); 20 C.F.R. § 404.1527(d)(2). The Third Circuit clearly has stated that the ALJ may weigh the evidence and determine credibility, but he must provide some indication of the evidence which he rejects and his reason for doing so. *Burnett v.*

*Commissioner of Social Sec. Admin.*, 220 F.3d 112, 121 (3d Cir. 2000).

In the instant case, Plaintiff first claims that the ALJ improperly rejected Dr. Weiss's opinions. I disagree. To begin with, I note that the ALJ did not reject the entirety of Dr. Weiss's opinions, but merely those forms where he checked boxes that were inconsistent with his treatment notes. (R. 151, 153, 155, 217-218 ). The Plaintiff is essentially asking that I ignore pages and pages of progress notes by Dr. Weiss, and instead focus entirely on three standard forms which Dr. Weiss filled out to specifically assess the Plaintiff's employability. The Third Circuit has clearly established that this type of check-box and fill in the blank form (R. 150-155) is not to be provided significant weight and should be considered the least reliable source of evidence. *Mason v. Shalala*, 994 F.2d 1058, 1065 (3d. Cir. 1993) ("form reports in which a physician's obligation is only to check a box or fill in a blank are weak evidence at best."). There must be some sort of written report to substantiate the findings in the forms.

Here, the ALJ found that Dr. Weiss's conclusions in the forms that Plaintiff was disabled were inconsistent with his progress report notes and analyses. (R. 19, 20, 22). As acknowledged by Plaintiff's counsel, Dr. Weiss's records were inconsistent. (Pl.'s Br. 14-15). For example, Dr. Weiss repeatedly noted in Plaintiff's file that Plaintiff was showing signs of improvement or at the very least remaining status quo. (R. 228-231, 233, 234, 236-240, 243, 245, 247, 249). The ALJ recognized Dr. Weiss's consistent impressions that Plaintiff remain on his medicine, and that he was stable and in good condition, often making improvements. Yet on each of the

Employability Forms to be submitted for Plaintiff to obtain governmental assistance, he indicated that Plaintiff was disabled. (R. 151,153,155, 217-218). An ALJ may discount a report/opinion if it is internally inconsistent. 20 C.F.R. § 416.927(d)(2). The ALJ specifically conceded that the treating physician's opinion may be given greater weight, but correctly points out that the medical opinion must be well supported and not inconsistent with the other substantial evidence of record. *See*, 10 C.F.R. 417.927(d)(2); R. 19.

After a review of the evidence, I find Dr. Weiss's progress notes were inconsistent, as admitted by the Plaintiff. *Compare* R. 217-19, 223, 227-30, 236-40; *with*, R. 151, 153. Thus, there was substantial evidence to support the opinion of the ALJ. Therefore, I find that the ALJ properly engaged in a weighing of the same.

The Plaintiff next argues that the ALJ should have given controlling weight to Dr. Detore's findings of disability. I find this argument to be without merit as well. Dr. Detore is a state agency examiner who saw the Plaintiff on two occasions. The ALJ found that the Plaintiff's complaints and symptoms changed dramatically when he was evaluated by Dr. Detore for disability purposes in comparison with the progress notes of Dr. Weiss. (R. 21). Contrary to the Plaintiff's allegations, the symptoms Plaintiff exhibited during Dr. Detore's evaluations were inconsistent with the progress notes of Dr. Weiss. For example, the Plaintiff complained of having difficulty interacting during his evaluation with Dr. Detore, while Dr. Weiss's notes do not report such difficulty, and in fact, denied any difficulty with socialization and reported that he was socializing more with friends. (R. 161, 223, 233, 238). Also, the Plaintiff

6

complained of excessive sleep, while Dr. Weiss's notes report stable, good sleep. (R. 163, 227-231).

Moreover, the ALJ noted that the Plaintiff made false statements about already being on SSI (R. 21), which go directly to credibility. The ALJ further found Plaintiff's credibility in question when he admitted to Dr. Detore that he has been cannabis dependant for approximately ten years, an admission which directly refutes Dr. Weiss's notes that state the Plaintiff denied "any drug or alcohol abuse". (R. 21, 191, 248, 249). It is not within this Court's discretion to replace its credibility findings for those of the ALJ. *Dobrowolsky v. Califano, supra.* Based on the evidence of record as set forth above, I find that the ALJ's conclusions regarding Plaintiff's credibility and the weighing of the medical reports of Dr. Detore are supported by substantial evidence.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ADAM S. JACK,                              )
                                           )
            Plaintiff,                     )
                                           )
      -VS-                                 )
                                           ) Civil Action No. 06-0223
                                           )
COMMISSIONER OF SOCIAL SECURITY,           )
                                           )
            Defendant.                     )

## ORDER OF COURT

WHEREFORE, this ___8th___ day of November, 2006, it is ordered that Plaintiff's Motion

for Summary Judgment (Docket No. 6) is denied and Defendant's Motion for Summary

Judgment (Docket No. 8) is granted.

The case shall be marked "CLOSED" *forthwith.*

                              BY THE COURT:

                              _Donetta W. Ambrose_
                              Donetta W. Ambrose,
                              Chief U.S. District Judge